Opinion issued January 31, 2008






 





 






In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00711-CR
          



CHRISTOPHER BALTRIP, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 1024303




MEMORANDUM OPINION
          Appellant, Christopher Baltrip, appeals from a conviction for aggravated
robbery for which he was sentenced to 15 years in prison. Tex. Penal Code Ann.
§ 29.03 (Vernon 2003). Appellant pleaded guilty without an agreed recommendation
from the State. Appellant’s appointed counsel on appeal has submitted a brief stating
his professional opinion that the appeal is without merit and that there are no arguable
grounds for reversal on appeal. See Anders v. California, 386 U.S. 738, 744, 87 S.
Ct. 1396, 1400 (1967). Appellant filed a pro se response brief. In his sole issue,
appellant contends that he received ineffective assistance of trial counsel. We affirm. Background
          On April 21, 2005, appellant and a friend, Troy Spencer, intentionally and
knowingly threatened and placed complainant in fear of imminent bodily injury and
death by exhibiting a firearm while in the course of committing theft of complainant’s
vehicle. One week after the theft, police arrested appellant and Spencer inside
complainant’s vehicle. Police discovered Spencer’s gun on the floor underneath the
passenger seat, as well as marijuana in the center console. Appellant was released on
bail, but was rearrested when he cut off his ankle monitor. Appellant pleaded guilty
without an agreed recommendation from the State. After admonishing appellant
about the consequences of pleading guilty, the trial court accepted the plea and found
the evidence sufficient to substantiate appellant’s guilt.
          At the sentencing hearing, appellant asked “the Judge to have mercy on [him].” 
Appellant testified that while he and Spencer were hanging out in the parking lot of
a shopping center, Spencer showed appellant a pistol he had “on his waistband.” 
Thirty seconds later, Spencer said “I’m about to get her. I’m about to get her” when
complainant came out of a store. Appellant stated that as complainant attempted to
enter her car, Spencer approached her with the gun. Appellant stood back “in shock.” 
Spencer urged appellant to get in the car. Appellant feared that if he stayed in the
parking lot police would think he had committed the robbery, so he entered on the
passenger side of complainant’s car and left in the car with Spencer. Spencer then
drove appellant to appellant’s house, where appellant stayed. Appellant
acknowledged, however, that he originally told officers that the pistol was on his own
waistband, to “take it” for his friend.
          Appellant’s mother also testified at the hearing. She stated that appellant had
successfully completed juvenile probation for a burglary committed when appellant
was 15 years old. She also testified appellant had done well since then, and she
submitted letters of recommendation on behalf of appellant.
Anders Procedure
          The brief submitted by appellant’s court-appointed counsel states that there are
no arguable grounds for reversal on appeal and, therefore, that any appeal would lack
merit. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400. Counsel’s brief meets the
minimum Anders requirements by presenting a professional evaluation of the record
and stating why there are no arguable grounds for reversal on appeal. See Gainous
v. State, 436 S.W.2d 137, 137–38 (Tex. Crim. App. 1969). Appellant’s counsel sent
a copy of the brief to appellant, requested permission to withdraw from the case, and
notified appellant of his right to review the record and file a pro se response.
          When this Court receives an Anders brief from an appellant’s court-appointed
attorney asserting that no arguable grounds for appeal exist, we must determine that
issue independently by conducting our own review of the entire record. Anders, 386
U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not
counsel—determines, after full examination of proceedings, whether case is “wholly
frivolous”); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (citing
same passage from Anders). In conducting our review, we consider any pro se
response that the appellant files to his appointed counsel’s Anders brief. See Bledsoe
v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). 
          Our role in this Anders appeal, which includes a pro se response by appellant,
is limited to determining whether arguable grounds for appeal exist. Id. at 827. If we
determine that arguable grounds for appeal exist, we must abate the appeal and
remand the case to the trial court to allow the court-appointed attorney to withdraw. 
See id. The trial court must then either appoint another attorney to present all
arguable grounds for appeal or, if appellant wishes, allow appellant to proceed pro se. 
See id. We do not rule on the ultimate merits of the issues raised by appellant in his
pro se response. Id. If we determine that there are arguable grounds for appeal,
appellant is entitled to have new counsel address the merits of the issues raised. Id. 
“Only after the issues have been briefed by new counsel may [we] address the merits
of the issues raised.” Id. 
          If, on the other hand, we determine from our independent review of the entire
record that the appeal is wholly frivolous, we may affirm the trial court’s judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. See id. at 826–28. The holding that there are no arguable
grounds for appeal is subject to challenge by an appellant by a petition for
discretionary review filed in the Court of Criminal Appeals. Id. at 827. 
          In accordance with Anders, 386 U.S. at 744–45, 87 S. Ct. at 1400, and Bledsoe,
178 S.W.3d at 826–28, we have reviewed the record, appellant’s appointed counsel’s
Anders brief, and appellant’s pro se response to that brief, and we conclude that no
reversible error exists. 
 Conclusion
          We affirm the judgment of the trial court and grant appellant’s appointed
counsel’s motion to withdraw.



 

 
Elsa Alcala
                                                                        Justice
Panel consists of Justices Taft, Keyes, and Alcala.
Do not publish. See Tex. R. App. P. 47.2(b).